

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-528

WILLIAM KENNAN

APPELLANT

V.

CAWOOD TRUCKING, INC., and
AMERISAFE RISK SERVICES, INC.

APPELLEES

Opinion Delivered    November 16, 2016

APPEAL FROM THE ARKANSAS
WORKERS' COMPENSATION
COMMISSION
[NO. G408331]

AFFIRMED

## WAYMOND M. BROWN, Judge

Appellant William Kennan appeals the March 8, 2016 opinion of the Arkansas Workers' Compensation Commission (Commission) that affirmed and adopted the June 30, 2015 opinion of the Administrative Law Judge, which determined that appellant failed to prove by a preponderance of the evidence that he suffered a compensable gradual-onset foot injury related to his work as a truck driver for appellee Cawood Trucking. Appellant argues that the decision of the Commission is not supported by substantial evidence. We affirm.[1]

In reviewing Workers' Compensation Commission decisions, the appellate courts view the evidence and all reasonable inferences in the light most favorable to the Commission's findings; the decision will be affirmed if there is substantial evidence to support it.[2] Substantial

---

[1]Appellant attempts to argue that he suffered a specific foot injury; however, that issue was not presented to the Commission and is not preserved for our review.

[2]*Flynn v. Sw. Catering Co.*, 2010 Ark. App. 766, 379 S.W.3d 670.

evidence exists if reasonable minds could reach the Commission's conclusion.[3] When a claim is denied due to the claimant's failure to prove entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires this court to affirm if the Commission's opinion displays a substantial basis for the denial of relief.[4] Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission.[5] When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts.[6] The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief; this court is foreclosed from determining the credibility and weight to be accorded to each witness's testimony.[7] The Commission has the authority to accept or reject a medical opinion and the authority to determine its probative value.[8]

For an injury to be compensable under the gradual-onset, rapid–repetitive-motion theory, a claimant must prove by a preponderance of the evidence that (1) the injury arose

---

[3] *Id.*

[4] *Id.*

[5] *Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008).

[6] *Id.*

[7] *Id.*

[8] *Poulan Weed Eater v. Marshall*, 79 Ark. App. 129, 84 S.W.3d 878 (2002).

out of and in the course of his employment; (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death; (3) the injury was caused by rapid-repetitive motion; and (4) the injury was a major cause of the disability or need for treatment.[9]  In performing the analysis of whether an injury is caused by rapid-repetitive motion, a two-prong test is employed—the tasks must be repetitive, and the repetitive motion must be rapid.[10]  As a threshold issue, the tasks must be repetitive, or the element of rapidity is not reached; even repetitive tasks and rapid work, standing alone, do not satisfy the definition—the repetitive tasks must be completed rapidly.[11]  Furthermore, the injury must be established by medical evidence supported by objective findings.[12]

Because the only issue in this case is whether there is substantial evidence to support the Commission's decision, and because the Commission's opinion adequately explains the decision, we affirm by memorandum opinion.[13]

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Jason M. Ryburn*, for appellees.

---

[9]*Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997); Ark. Code Ann. § 11-9-102(4)(A)(ii)(*a*) (Repl. 2012).

[10]*Galloway v. Tyson Foods*, 2010 Ark. App. 610, 378 S.W.3d 210.

[11]*Id.*

[12]*Lay, supra*; Ark. Code Ann. § 11-9-102(4)(D) & (16)(A)(i).

[13]*In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985) (per curiam).